UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Stephen DiChiara,
    Plaintiff

    v.                                         Case No. 22-cv-131-SM
                                             Opinion No. 2022 DNH 069
The Town of Salem and
The New Hampshire Attorney General,
    Defendants

**O R D E R**

Invoking the provisions of Federal Rule 12(e), the Town of Salem moves the court to order plaintiff to file a more definite statement. According to the Town, plaintiff's complaint is "so vague and ambiguous that Salem cannot reasonably respond to the allegations." Motion for More Definite Statement (document no. 4) at 1.

Under the Federal Rules of Civil Procedure, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). As this court has previously noted,

> [A defendant's] entitlement to a more definite statement is governed by principles described in Lewis

>  v. Textron Auto. Co., 935 F. Supp. 68 (D.N.H. 1996).
>  In that case, the court explained that since Rule
>  12(e) motions are designed to strike at
>  unintelligibility, rather than at lack of detail in
>  the complaint, a Rule 12(e) motion properly is granted
>  only when a party is unable to determine the issues he
>  must meet.  The motion for a more definite statement
>  is not favored, and courts frown on a litigant's use
>  of the motion as a "shotgun tactic" to substitute for
>  discovery.

S.E.C. v. Patel, No. CIV. 07-CV-39-SM, 2008 WL 474352, at *2 (D.N.H. Feb. 19, 2008) (citations and internal punctuation omitted).

According to the complaint, Stephen DiChiara was a patrol officer with the Salem, New Hampshire, police department.  In 2019, he claimed to have sustained a work-related injury that disabled him from performing the regular duties of his job – that is, post-traumatic stress disorder arising out of a traffic stop involving a felon in possession of a firearm.  In connection with DiChiara's application for Worker's Compensation Benefits, the Town of Salem came into possession of his medical and mental health records.  Apparently sensing that DiChiara was exaggerating the severity of his injury and its symptoms, employees of the Town referred the matter to the New Hampshire Attorney General's Office for investigation.  As part of that referral, one or more of those Town employees allegedly shared

DiChiara's confidential medical records with agents of the Attorney General.

In his complaint, DiChiara alleges that the Town of Salem and the Attorney General each maintained a custom, policy, and/or practice that encouraged or condoned the alleged misconduct of their employees and agents. The complaint identifies the conduct DiChiara alleges was unlawful and then summarizes his claims – all of which are against both defendants – as follows:

> The conduct of the Defendants, and each of them, was in violation of, and deprived Plaintiff of his Civil Rights pursuant to 42 U.S.C. § 1983, and his rights and privileges secured by the Fourth and Fourteenth Amendments of the United States Constitution, Part I, Articles 2-b and 19 of the New Hampshire Constitution, New Hampshire RSA 281-A:21-b, New Hampshire RSA 329:26.
>
> The conduct of the Defendants, and each of them, was in violation of their duties to the Plaintiff under the Common Law of the State of New Hampshire including Common Law invasion of privacy, intentional and negligent infliction of emotional distress, and defamation/false light.

Complaint (document no. 1) at paras. 51-52. Parenthetically, the court notes that DiChiara's complaint was originally filed in state court, where the rules and customs for pleading are

3

different from those in federal court.  Defendants then removed the proceeding to this court.

DiChiara's complaint is not the model of detail.  And, as the Town notes, it does not separate plaintiff's several claims into individual "counts," as is typically done in federal court.  See generally Fed. R. Civ. P. 10(b).  Nevertheless, the complaint is not so vague or ambiguous that the defendants cannot readily discern the nature of the claims against them or the factual allegations supporting those claims.  Rather, the complaint states with reasonable clarity each of the specific statutory, constitutional, and common law causes of action that DiChiara is advancing, as well as the factual allegations he says support those causes of action.  At this juncture, no more is required.

While some of plaintiff's claims may not survive a motion to dismiss, that is not the issue before the court.  The question presented is whether the complaint is so vague, so ambiguous, or so unintelligible that the Town cannot reasonably be expected to understand the nature of the claims against it.  The Town has not shown that to be the case.

**Conclusion**

For the foregoing reasons, as well as those set forth in Plaintiff's Objection (document no. 6), The Town of Salem's Motion for a More Definite Statement (**document no. 4**) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 31, 2022

cc: Counsel of Record