UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Stephen DiChiara,
    Plaintiff

    v.                                          Case No. 22-cv-131-SM
                                                Opinion No. 2022 DNH 078

The Town of Salem and
The New Hampshire Attorney General,
    Defendants


**O R D E R**


Stephen DiChiara brings this action against the Town of Salem and the State of New Hampshire.[1]  In his complaint, DiChiara advances a variety of claims under the United States Constitution, the New Hampshire Constitution, and New Hampshire common law.  He seeks both monetary and injunctive relief.

Shortly after DiChiara filed his writ in Merrimack Superior Court, the Town of Salem removed the proceeding to this court.  But, before doing so, the Town did not obtain the State's consent to removal.  The State points to that failure and, citing the "unanimity requirement" of 28 U.S.C. § 1446(b)(2)(A),

---

[1]  The complaint makes plain that DiChiara is proceeding against the New Hampshire Attorney General solely in his official capacity.  Consequently, the State is the true party in interest.

moves to remand this proceeding to the state court. Not surprisingly, DiChiara agrees with the State and urges the court to remand this entire action to his preferred forum. The Town of Salem, however, would rather litigate DiChiara's claims in this forum and objects to remand. According to the Town, the State is likely immune from some or all of DiChiara's claims by virtue of the Eleventh Amendment. Consequently, says the Town, the State's consent to removal was not necessary.

There is, to be sure, support for the Town's position that the State's consent to removal was not necessary. But there is also arguable support for the State's view that remand is appropriate - at least as to DiChiara's <u>claims against the State</u>. The legal precedent upon which the parties rely in support of their various arguments either predates or ignores a 2011 amendment to the federal removal statute. And, if that amendment applies to the circumstances presented in this case, then resolution of the State's motion to remand is not as straightforward as any of the parties suggests.

## Discussion

In its motion, the State seeks remand of the entire case to state court. That, however, would seem to be inconsistent with

the provisions of the federal removal statute, which states, in relevant part, that:

> **(1)** If a civil action includes—
>
>> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>>
>> **(B)** a claim <u>not within</u> the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), <u>the district court shall sever</u> from the action <u>all claims described in paragraph (1)(B)</u> and shall remand the severed claims to the State court from which the action was removed.  <u>Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent</u> to the removal under paragraph (1).

28 U.S.C.A. § 1441(c) (emphasis supplied).  Subsection (c) was amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, Title I, § 103(a), 125 Stat. 758 (December 7, 2011), and would appear to address the specific circumstances presented in this case.  <u>See generally</u> <u>Hunter v. City of Bos.</u>, No. CV 22-10549-FDS, 2022 WL 2068188, at *1 (D. Mass. June 8, 2022).

That is to say, if the Eleventh Amendment shields the State from one or more of DiChiara's claims, those claims would not be "within the original or supplemental jurisdiction of [this] court."  28 U.S.C. § 1441(c)(1)(B).  See generally Centro de Periodismo Investigativo, Inc. v. Fin. Oversight & Mgmt. Bd. for Puerto Rico, 35 F.4th 1, 9 (1st Cir. 2022) (noting that "an Eleventh Amendment sovereign immunity defense, as asserted here, is jurisdictional").  See also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (noting that the Eleventh Amendment represents a "withdrawal of jurisdiction" from federal courts over claims against unconsenting States and "effectively confers an immunity from suit.").  That, in turn, would mean that the State's consent to removal was not necessary and the Town's removal of this proceeding was proper.  28 U.S.C. § 1441(c)(2).  But, it would also mean that those claims against the State as to which Eleventh Amendment immunity applies must be severed and remanded.  Id.

Despite the apparent application of the above-quoted sections of 28 U.S.C. § 1441(c), none of the parties has discussed them.  Nor has the State actually invoked (or formally waived) its Eleventh Amendment immunity as to any one or more of DiChiara's claims.  For his part, DiChiara has not pointed to

4

any statutory waiver(s) of the State's Eleventh Amendment immunity that might apply to one or more of his claims. Consequently, which claims against the State might be barred by the Eleventh Amendment and, therefore, subject to severance and remand remains unresolved.

## Conclusion

As amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, 28 U.S.C. § 1441(c) provides that, when a complaint contains a claim that is removable under 28 U.S.C. § 1331 (i.e., one arising under the Constitution, laws, or treaties of the United States), and a claim that is "not within the original or supplemental jurisdiction of the district court," upon proper removal the court must sever and remand all claims over which it lacks jurisdiction.  Because the State has not addressed that controlling provision, and because it has not made clear whether it believes the Eleventh Amendment divests this court of subject matter jurisdiction over some (or all) of DiChiara's claims against it, the court is disinclined to grant the relief the State seeks absent further legal briefing.  The State's Motion to Remand (**document no. 10**) is, therefore, necessarily denied – albeit without prejudice.

Any renewed motion to remand shall address the application, if any, of 28 U.S.C. § 1441(c) to the circumstances presented in this case. Specifically, the State should address whether it asserts Eleventh Amendment immunity with respect to one or more of plaintiff's claims, and whether such an assertion implicates the provisions of 28 U.S.C. §§ 1441(c)(1)(B) and c(2). The Town (and DiChiara, if he chooses) may file a responsive memorandum within 15 days of the filing of a renewed motion to remand.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 6, 2022

cc: Counsel of Record