UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Stephen DiChiara,
    Plaintiff

    v.                                      Case No. 22-cv-131-SM
                                          Opinion No. 2022 DNH 105

The Town of Salem and
The New Hampshire Attorney General,
    Defendants


**O R D E R**

Stephen DiChiara brings this action against the Town of Salem and the State of New Hampshire.[1]  In his complaint, DiChiara advances a variety of claims under the United States Constitution, the New Hampshire Constitution, and New Hampshire common law.  He seeks both monetary and injunctive relief.

Shortly after DiChiara filed his writ in Merrimack Superior Court, the Town of Salem removed the proceeding to this court.  See 28 U.S.C. §§ 1441 and 1446.  See also 28 U.S.C. § 1331.  But, before doing so, the Town neglected to obtain the consent of the other named defendant: the State of New Hampshire.

---

[1] The complaint makes plain that DiChiara is proceeding against the New Hampshire Attorney General solely in his official capacity.  Consequently, the State is the true party in interest.

Pointing to that failure and citing the "unanimity requirement" of 28 U.S.C. § 1446(b)(2)(A), DiChiara asserts that this proceeding was not properly removed and should be remanded, in its entirety, to the state court.

The State, on the other hand, invokes its Eleventh Amendment immunity and urges the court to dismiss all of DiChiara's claims against it. In the alternative, however, the State agrees that DiChiara's claims against it should be resolved in state court and says the court should sever and remand them to the state court. See 28 U.S.C. § 1441(c)(2). Finally, the Town of Salem does not object to the remand of DiChiara's claims against the State, but urges the court to retain jurisdiction over the claims advanced against it. Not surprising (since it removed this proceeding), the Town of Salem would prefer to litigate DiChiara's claims in federal court.

**Discussion**

The procedural posture of this case is somewhat unusual and the parties are at odds over the proper (or at least their preferred) forum in which to litigate DiChiara's claims. Turning first to DiChiara's assertion that this entire proceeding was improperly removed and should be remanded to

state court, that view is plainly incorrect. The relevant portions of the federal removal statute provide that:

> **(1)** If a civil action includes—
>
>> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>>
>> **(B)** a claim <u>not within</u> the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), <u>the district court shall sever</u> from the action <u>all claims described in paragraph (1)(B)</u> and shall remand the severed claims to the State court from which the action was removed. <u>Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent</u> to the removal under paragraph (1).

28 U.S.C.A. § 1441(c) (emphasis supplied). Subsection (c) was amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, Title I, § 103(a), 125 Stat. 758 (December 7, 2011), and would appear to address the specific circumstances presented in this case. <u>See generally</u> <u>Hunter v. City of Bos.</u>, No. CV 22-10549-FDS, 2022 WL 2068188, at *1 (D. Mass. June 8, 2022).

That is to say, because the Eleventh Amendment deprives this court of jurisdiction to hear DiChiara's claims for monetary damages against the State, those claims are not "within the original or supplemental jurisdiction of [this] court." 28 U.S.C. § 1441(c)(1)(B).  See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (noting that the Eleventh Amendment represents a "withdrawal of jurisdiction" from federal courts over claims against unconsenting States and "effectively confers an immunity from suit.").  See also Centro de Periodismo Investigativo, Inc. v. Fin. Oversight & Mgmt. Bd. for Puerto Rico, 35 F.4th 1, 9 (1st Cir. 2022) (noting that "an Eleventh Amendment sovereign immunity defense, as asserted here, is jurisdictional").  That, in turn, means that the State's consent to removal was not necessary and the Town's removal of this proceeding was proper.  28 U.S.C. § 1441(c)(2).

The next issue presented is what must be done with DiChiara's claims against the State.  Those for monetary damages are plainly barred by the Eleventh Amendment, this court lacks jurisdiction over them, and they must be remanded to state court.  Id.  But, as DiChiara notes, some of his claims seek prospective equitable relief in the form of an injunction against the State.  While it is conceivable that this court could exercise jurisdiction over DiChiara's claims for

4

injunctive relief - an issue the court need not address - that would not represent an efficient use of the parties' time or judicial resources, given that the monetary claims against the State cannot be litigated in this forum. Moreover, both the State and DiChiara would prefer to litigate this matter in state court. Accordingly, the court will sever and remand to state court all of DiChiara's claims against the State.[2]

Parenthetically, the court notes that the limited caselaw upon which DiChiara relies in support of his argument that this court must retain jurisdiction over his claims against the State for injunctive relief is not particularly helpful or persuasive. Those cases deal with claims originally filed against States in federal court and discuss the authority of federal courts to issue prospective injunctive relief against state actors. They

---

[2]   Although the court need not address the merits of DiChiara's claims at this juncture, his request for injunctive relief against the State of New Hampshire would appear to be weak. The conduct alleged in the complaint is unlikely to be repeated with respect to DiChiara (and, of course, he cannot advance hypothetical claims of other citizens). Moreover, once informed of the law's requirements, state officials can be presumed to act in a lawful manner and consistent with the court's direction, without the need for injunctive relief. Consequently, federal courts are hesitant to issue injunctions against state officials that simply direct them to act in a lawful or constitutional manner. See, e.g., LMG R.I. Holdings v. R.I. Sup. Ct., No. 18-cv-297-SJM-AKJ (R.I.D. Dec. 21, 2018) (collecting cases); Rideout v. Gardner, 123 F. Supp. 3d 218, 236 (D.N.H. 2015).

do not address the situation presented here: whether claims against a State that implicate the State's Eleventh Amendment Immunity that have been <u>removed</u> to federal court must be remanded in their entirety, or whether the federal court may (or should): (a) dismiss or remand the claims for monetary relief, and (b) retain jurisdiction over only the claims for prospective injunctive relief.  The court is disinclined to unnecessarily create such piecemeal litigation of DiChiara's claims against the State.  All of his claims against the State of New Hampshire are properly and most efficiently litigated in the state courts.

Of course, DiChiara's claims against the Town of Salem will remain in this forum because, as noted above, those claims were properly removed.  But, severance of DiChiara's claims against the State cannot be avoided since the State has affirmatively invoked its Eleventh Amendment immunity and, therefore, this court lacks jurisdiction over them.

## Conclusion

DiChiara's claims against the Town of Salem were properly removed from state court and will remain in this court.  All claims against the State of New Hampshire, however, shall be remanded to state court.  <u>See</u> 28 U.S.C. § 1441(c)(2).

The State's "Motion to Dismiss or Alternatively to Remand the Claims Against it to Merrimack Superior Court" (**document no. 16**) is granted to the extent it seeks remand.  In all other respects, it is denied.  DiChiara's "Motion to Add N.H. Attorney General John Formella Individually as a Defendant" (**document no. 18**) is denied as moot.  The Clerk of Court shall sever DiChiara's claims against the State of New Hampshire and remand them to the Merrimack, New Hampshire, State Superior Court.

    **SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 30, 2022

cc: Counsel of Record