UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Stephen DiChiara,
    Plaintiff

    v.                                                  Case No. 22-cv-131-SM
                                                         Opinion No. 2023 DNH 009

The Town of Salem,
    Defendant

**O R D E R**

Stephen DiChiara was formerly employed by the Town of Salem as a police officer. He brings this action against the Town seeking compensation for alleged violations of various state and federal constitutional rights. He also advances common law claims for defamation, intentional and negligent infliction of emotional distress, and conversion. The Town moves to dismiss all of DiChiara's claims, asserting that none adequately and plausibly alleges the essential elements of a viable cause of action. See Fed. R. Civ. P. 12(b)(6). For the reasons discussed, the court will convert the Town's motion into one for summary judgment and the parties will be given the opportunity to supplement the record with material pertinent to summary judgment. See Fed. R. Civ. P. 12(d).

**Background**

Accepting the complaint's factual allegations as true – as the court must at this juncture - the relevant background is as follows. In July of 2016, the Salem Police Department hired DiChiara as a patrol officer. Approximately three years later, he stopped a vehicle on Interstate 93 for a traffic violation. DiChiara was alone at the time. At some point during the stop, DiChiara learned that there was a loaded firearm under the driver's seat. The operator was placed under arrest on an outstanding warrant. The complaint alleges that one of the passengers in the vehicle told DiChiara that, "as he was initially approaching the vehicle at the side of the highway, the operator asserted to the other occupants of the vehicle that he was 'going to kill a cop,' and that at the last moment one of the occupants had successfully managed to persuade[] the felon in possession not to gun down the Plaintiff." Amended Complaint (document no. 24) at para. 21. As a result of the emotional trauma he suffered in the wake of that encounter, DiChiara developed PTSD which "disabled him from performing the regular duties of his occupation." Id. at para. 23. Accordingly, he sought and was eventually awarded workers' compensation benefits.

As part of DiChiara's application for workers' compensation benefits, the Town of Salem was authorized to receive and did, in fact receive, information relevant to that application – including DiChiara's medical records.  See generally N.H. Rev. Stat. Ann. 281-A:23 V(a)(1) ("The act of the worker in applying for workers' compensation benefits constitutes authorization to any physician, hospital, chiropractor, or other medical vendor to supply all relevant information regarding the worker's occupational injury or illness to the insurer, the insurer's representative, the worker's employer, the worker's representative, the worker's employer's representative, and the department.  Medical information relevant to a claim includes a past history of complaints of, or treatment of, a condition similar to that presented in the claim.") (emphasis supplied).

About the same time, the Town was apparently concerned that some of its employees (including, potentially, DiChiara) may have overstated the nature of work-related injuries in an effort to secure workers' compensation benefits.  Accordingly, employees of the Town contacted attorneys at the New Hampshire Attorney General's Office to notify them of "possible fraudulent activity."  Amended Complaint at para. 40.  Then, according to DiChiara, "on March 6, 2020, Defendant's Human Resources Director Anne Fogarty mailed a binder containing Plaintiff's

3

<u>privileged and confidential mental health records, medical records, and worker's compensation records</u> to then Deputy Attorney General Jane Young." Id. at para. 43 (emphasis supplied).[1]  In her cover letter to Attorney Young, Ms. Fogarty stated, "It appeared to me that [DiChiara] possibly enhanced the injury when describing what occurred to his providers." Id. at para. 45.  Subsequently, the Town Manager sent a follow-up email to Deputy Attorney General Young seeking an update on her review of the materials provided and stating that, "I was under the impression you were going to go through the binder and possibly decide if this warrants an investigation." Id. at para. 47. Several months later, in November of 2020, Assistant Attorney General Nicole Clay notified the Town that her office had concluded its review and "[t]he information provided does not support a criminal allegation on the part of any Town of Salem employee or former employee.  Even if it did, I cannot conclude that further investigation would uncover the existence of probable cause to believe a crime has been committed." Id. at para. 54.  This litigation ensued.

---

[1]  That binder also appears to have included documents relating to other employees and former employees of the Town.

4

In his amended complaint, DiChiara advances five state and federal claims:

> Count One: the "warrantless and unlawful seizure" of his confidential medical records, in violation of the state and federal constitutions (Id. at para. 79);
>
> Count Two: defamation arising from the Town's communications with the Attorney General's office and its "meritless and defamatory accusations of criminal fraud" on DiChiara's part (Id. at para. 95);
>
> Counts Three and Four: intentional and negligent infliction of emotional distress arising from the Town's "unauthorized seizure . . . [and] unauthorized dissemination" of DiChiara's confidential medical records and its "meritless accusations of criminal fraud." (Id. at para. 111); and, finally,
>
> Count Five: conversion arising from the Town's "theft" of DiChiara's medical records and its violation of "Plaintiff's right to control disclosure of his mental health documents, medical documents, and New Hampshire Labor Department documents."  (Id. at paras. 124 and 126).

## Discussion

The five counts in DiChiara's Amended Complaint all derive from two basic assertions.  First, that the Town's conduct constituted an "unconstitutional, unreasonable seizure of his mental health records, medical records, and worker's compensation records."  Amended Complaint at para. 61.  And, second, that the Town's (alleged) publication to the New Hampshire Attorney General's Office of DiChiara's confidential medical information and its suggestion that DiChiara may have

5

overstated the nature of his injuries in connection with his application for workers' compensation benefits were unlawful, defamatory, and intended to "cause Plaintiff humiliation, embarrassment, and harm to his reputation." Id. at paras. 62-63.

Plainly, then, an essential component of several (if not all) of DiChiara's claims is his assertion that the Town "unconstitutionally seized" and then unlawfully shared with the Attorney General's office his confidential medical records. The Town, however, flatly denies that any of DiChiara's confidential medical or mental health records were included in the binder of materials it provided to the Attorney General. In support of its position, the Town has filed (under seal) what it says is "a complete copy of the March 6, 2020, letter, with the contents of the accompanying binder, so that the Court can confirm that binder did not, in fact, contain Plaintiff's medical or mental health records." Defendant's Memorandum (document no. 26-1) at 2 n.2. According to the Town, absent the disclosure of such confidential materials, all of DiChiara's claims necessarily fail.

DiChiara objects, saying the Town cannot be trusted to have filed an accurate copy of the binder and, in any event, resolution of a disputed material fact is inappropriate in the context of a motion to dismiss.  The court is inclined to agree with DiChiara on the latter point.

To be sure, the contents of the binder are central to DiChiara's claims and those documents are referenced repeatedly in the Amended Complaint.  The court could, therefore, properly consider them in resolving a motion to dismiss.  See, e.g., Athens v. Bank of Am., N.A., 2022 WL 195110, at *2, 2022 DNH 008 (D.N.H. Jan. 21, 2022) (collecting cases).  But the Town's submission of that binder is clouded in two ways.  First, through oversight, several pages of the binder were omitted from counsel's original filing, which then had to be supplemented.  Second, and perhaps more importantly, the Town's submission of that binder is unaccompanied by any affidavit(s) attesting to the accuracy and completeness of its contents.  Consequently, the court is disinclined to rule on the Town's pending motion to dismiss based upon the current record.

## Conclusion

In light of the foregoing, the court will convert the Town's motion to dismiss (document no. 26) into one for summary

7

judgment.  See Fed. R. Civ. P. 12(d).  On or before February 24, 2023, the Town shall file all documents that it provided to the New Hampshire Attorney General's office as part of the so-called "binder" submitted under cover letter dated March 6, 2020.  The pages of that submission shall be numbered sequentially.  It shall be accompanied by one or more affidavits, executed by a person or persons with first-hand knowledge of the matter, attesting to the fact that the Town's submission is an accurate and complete set of such documents.  That submission shall be made under seal and may, if the Town elects, be done electronically.  The Town may also supplement its earlier legal memorandum by filing a memorandum in support of summary judgment.

Not later than thirty days thereafter, DiChiara may file an objection to summary judgment.  Should he do so, he shall specifically identify (by reference to page numbers) those documents in the binder upon which each of his five claims rests.[2]

---

[2]   DiChiara already possesses the Town's original submission of the binder.  He can, then, immediately begin reviewing it for documents supportive of his claims.  In the unlikely event that the Town finds additional documents to include in the new filing it shall be making, thirty days will be more than adequate time for DiChiara to review them and file his response.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 27, 2023

cc:  Counsel of Record